UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SALLY PREJEAN** | **CIVIL ACTION NO.: 2:21-cv-547** |
| **Plaintiff** | |
| | **JUDGE:** |
| **THE CITY OF WESTWEGO** | **MAGISTRATE:** |
| **Defendant** | |

**COMPLAINT**

The Plaintiff, Sally Prejean ("Prejean"), moves the Court for entry of judgment in her favor against Defendant, the City of Westwego, and in support of such Complaint states as follows:

**NATURE OF ACTION AND JURISDICTION**

1.

This is a civil action under Title VII of the Civil Rights Act of 1964, to correct unlawful employment practices on the basis of race by the City of Westwego ("City"), and to provide appropriate relief to Sally Prejean ("Prejean") who was adversely affected by such practices.

2.

This is also a civil action under the Age Discrimination in Employment Act ("ADEA"), to correct unlawful employment practices on the basis of age by the City, and to provide appropriate relief to Prejean who was adversely affected by such practices.

3.

This Court has jurisdiction pursuant to 28 U.S.C. §1331.  The claims brought by the Plaintiff include violations of the Age Discrimination in Employment Act, Title VII of the Civil

Rights Act of 1964, and Title I of the Civil Rights Act of 1991. The court has supplemental jurisdiction of all remaining claims, including claims for violations of the Louisiana state laws, LA R.S. 23:301 *et seq* and LA R.S. 23:1361.

4.

Prejean brings this action resulting from damages incurred due to the Company's race and age discrimination, through its Mayor, Joe Peoples, and retaliation based on her filing a workers compensation claim. Specifically, the City constructively discharged Prejean. The City unlawfully interfered with Prejean's right to return to work.

5.

The Defendant resides within this judicial district, and the claims herein arose within this judicial district. Accordingly, venue is proper in this court. 28 U.S.C. §1391 (b).

## PARTIES

6.

Plaintiff, Prejean, is a person of full age and majority and at all times relevant herein was a resident of Westwego, Louisiana. At all times pertinent hereto, Plaintiff was over the age of 40 years.

7.

Defendant, City, is a municipal corporation organized under the laws of Louisiana, being situated within the Parish of Jefferson, State of Louisiana, and within the territorial jurisdiction of the Eastern District of Louisiana.

**FACTS**

8.

On May 3, 2021, Prejean was hired by the City as a meter reader earning $17.04 per hour.

9.

Prejean was a good employee and received no discipline during her tenure with the City.

10.

On May 15, 2019, while performing work, Prejean tore her rotator cuff.

11.

On June 1, 2019, the City sent Prejean to Urgent Care for treatment.

12.

Shortly thereafter, Prejean started physical therapy for her shoulder. She attended therapy for eight weeks. Prejean was out of work the entire time she received physical therapy.

13.

On October 15, 2019, Prejean had surgery to repair her rotator cuff. She was unable to work the entire time she was injured and received workers compensation benefits during this time.

14.

On February 20, 2020, Prejean's doctor cleared her to return to work on light duty. Around the same time, Prejean met with the City and brought paperwork showing that she was approved to return to work on light duty.

15.

The City of Westwego Handbook states that the City will assist the employees' supervisor in arranging a smooth return to the workplace. The Handbook further states that "transitional duty will preferably be found within the same working area. However, if necessary, to identify suitable

transitional duty in another area, the Personnel Officer will be contacted. It will be the Personnel Officer's responsibility to arrange suitable transitional duty in line with the doctor's orders."

16.

Despite the City Handbook requiring the City to find transitional work for Prejean, Mayor Joe Peoples ("Peoples") informed Prejean that there was no light duty work available to her even though other employees having been provided this type of work.

17.

In May 2020, Prejean was released to return to work without restrictions. Prejean contacted the City and informed the office that she was released to return to work, without restrictions, and wanted to resume working in her position as meter reader.

18.

Peoples contacted Prejean and told her that he needed to talk to her about her future.

19.

On or about May 13, 2020, Peoples informed Prejean that her position as a meter reader was being eliminated. The City gave Prejean two options when she returned to work: retire or be terminated. Due to a lack of income, Prejean's only option was early retirement.

20.

Despite the City informing Prejean that her job was being eliminated because the meters would be read digitally in the future, there are employees still performing the meter reader duties.

21.

Prejean's meter reader duties are currently being performed by a newly hired, younger, Caucasian woman, who was provided with an assistant to perform more strenuous work.

22.

Although the Mayor spoke with Prejean in May 2020 about the City allegedly discontinuing her job, the City did not process Prejean's termination until June 9, 2020.

23.

On February 24, 2021, Prejean executed a Charge of Discrimination concerning the perceived age and race discrimination. The Charge of Discrimination was forwarded to the Equal Employment Opportunity Commission ("EEOC") and assigned Charge No. 461-2021-00921, with the EEOC physically receiving the Charge of Discrimination on March 1, 2021.

24.

On March 3, 2021, the EEOC issued a Right to Sue letter to Prejean.

25.

This suit is being filed within ninety (90) days of Prejean's receipt of Notice of Right to Sue letter dated March 3, 2021 (and within ninety (90) days of issuance of the Notice of Right to Sue).

## **CAUSES OF ACTION**

### **COUNT ONE**

**Race Discrimination Pursuant to Title VII, 42 U.S.C. 2000(e) of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991**

26.

The foregoing allegations are incorporated as if re-alleged herein.

27.

The acts described herein constitute race discrimination in violation of Title VII, 42 U.S.C. 2000(e) of the Civil Rights Act of 1964, and Title 1 of the Civil Rights Act of 1991.

28.

The effects of practices complained of in paragraphs 8-25 have been to deprive Prejean of equal employment opportunities and to otherwise adversely affect her status as an employee, because of race and opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

29.

The unlawful employment practices complained of in paragraphs 8-25 above were intentional.

30.

The unlawful employment opportunities practices complained of in paragraphs 8-25 were done with malice or with reckless indifference to the federally protected rights of Prejean.

31.

As a direct and proximate cause of the City's violations of Prejean's federally protected rights, Prejean has suffered severe and substantial damages. These damages include back pay, front pay, lost employee benefits, lost raises, attorney fees, loss of reputation, humiliation, inconvenience, mental and emotional anguish and distress and other compensatory and punitive damages, in an amount to be determined by a jury.

## COUNT TWO

### Race Discrimination Pursuant to 42 U.S.C. §1981

32.

The foregoing allegations are incorporated as if re-alleged herein.

33.

The acts described herein constitute race discrimination in violation of 42 U.S.C. §1981.

34.

The effects of practices complained of in paragraphs 8-25 have been to deprive Prejean of equal employment opportunities and to otherwise adversely affect her status as an employee, because of race and opposition to practices made unlawful under 42 U.S.C. §1981.

35.

The unlawful employment practices complained of in paragraphs 8-25 above were intentional.

36.

The unlawful employment opportunities practices complained of in paragraphs 8-25 were done with malice or with reckless indifference to the federally protected rights of Prejean.

37.

As a direct and proximate cause of the City's violations of Prejean's federally protected rights, Prejean has suffered severe and substantial damages. These damages include back pay, front pay, lost employee benefits, lost raises, attorney fees, loss of reputation, humiliation, inconvenience, mental and emotional anguish and distress and other compensatory and punitive damages, in an amount to be determined by a jury.

## COUNT THREE

### Race Discrimination Pursuant to La. R.S. 23:301 *et seq*.

38.

The foregoing allegations are incorporated as if re-alleged herein.

39.

The effects of practices complained of in paragraphs 8-26 have been to deprive Prejean of equal employment opportunities and to affect her status otherwise adversely as an employee, because of race and opposition to practices made unlawful under La. R.S. 23: 2301 et seq.

40.

The unlawful employment practices complained of in paragraphs 8-26 above were intentional.

41.

The unlawful employment opportunities practices complained of in paragraphs 8-26 were done with malice or with reckless indifference to the protected rights of Prejean.

42.

As a direct and proximate cause of the City's violations of Prejean's protected rights, Prejean has suffered severe and substantial damages. These damages include lost back pay, lost front pay, lost employee benefits, lost raises, attorney fees, loss of reputation, humiliation, inconvenience, mental and emotional anguish and distress and other compensatory and punitive damages, in an amount to be determined by a jury.

## COUNT THREE

### Age Discrimination Pursuant to 29 U.S.C. § 621 *et. seq*.

43.

The foregoing allegations are incorporated as if re-alleged herein.

44.

The acts described herein constitute age discrimination in violation of 29 U.S.C. §621 et seq.

45.

The effects of practices complained of in paragraphs 8-26 have been to deprive Prejean of equal employment opportunities and to otherwise adversely affect her status as an employee, because, in whole or in part, on Prejean's age in violation of 29 U.S.C. §623(a)(1) and (2).

46.

The unlawful employment practices complained of in paragraphs 8-26 above were intentional.

47.

The unlawful employment opportunities practices complained of in paragraphs 8-26 were done with malice or with reckless indifference to the protected rights of Prejean.

48.

As a direct and proximate cause of the City's violations of Prejean's federally protected rights, Prejean has suffered severe and substantial damages. These damages include lost back pay, front pay, lost employee benefits, lost raises, attorney fees, loss of reputation, humiliation, inconvenience, mental and emotional anguish and distress and other compensatory and punitive damages, in an amount to be determined by a jury.

## COUNT FOUR

### Age Discrimination Pursuant to LA. R.S. 23:311 *et seq.*

49.

The foregoing allegations are incorporated as if re-alleged herein.

50.

The acts described herein constitute age discrimination in violation of LA. R.S. 23:311 et seq.

51.

The effects of practices complained of in paragraphs 8-26 have been to deprive Prejean of equal employment opportunities and to otherwise adversely affect her status as an employee, because, in whole or in part, on Prejean's age in violation of LA. R.S. 23:312(A)(1) and (2).

52.

The unlawful employment practices complained of in paragraphs 8-26 above were intentional.

53.

The unlawful employment opportunities practices complained of in paragraphs 8-26 were done with malice or with reckless indifference to the protected rights of Prejean.

54.

The City has been provided written notice in excess of thirty days prior to Prejean's filing of this Complaint in accordance with LA. R.S. 23:303.

55.

As a direct and proximate cause of the City's violations of Prejean's protected rights, Prejean has suffered severe and substantial damages. These damages include lost back pay, lost

front pay, lost employee benefits, lost raises, attorney fees, loss of reputation, humiliation, inconvenience, mental and emotional anguish and distress and other compensatory and punitive damages, in an amount to be determined by a jury.

## COUNT FIVE

**Workers' Compensation Discrimination and Retaliation Pursuant to LA R.S. 23:1361**

56.

The foregoing allegations are incorporated as if re-alleged herein.

57.

The acts described herein constitute a retaliatory discharge in violation of LA. R.S. 23:1361.

58.

The effects of practices complained of in paragraphs 8-26 have been to deprive Prejean of equal employment opportunities and to otherwise adversely affect her status as an employee, because of Prejean filing a workers' compensation claim in violation of LA. R.S. 23:1361.

59.

The unlawful employment practices complained of in paragraphs 8-26 above were intentional.

60.

The unlawful employment opportunities practices complained of in paragraphs 8-26 were done with malice or with reckless indifference to the protected rights of Prejean.

61.

As a direct and proximate cause of the City's violations of Prejean's protected rights, Prejean has suffered severe and substantial damages. These damages include lost back pay, front

pay, lost employee benefits, lost raises, attorney fees, loss of reputation, humiliation, inconvenience, mental and emotional anguish and distress and other compensatory and punitive damages, in an amount to be determined by a jury.

## PRAYER FOR RELIEF

62.

Sally Prejean respectfully requests that this Court:

(a) Order Defendant City to make whole Prejean by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to compensatory and punitive damages;

(b) Order Defendant City to make whole Prejean for past and pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-26 above, including but not limited to job search expenses in amounts to be determined at trial;

(c) Order Defendant City to make whole Prejean by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained in paragraphs 8-26 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

(d) Order Defendant City to pay Prejean punitive damages for its malicious and reckless conduct described in paragraphs 8-26 above, in amounts to be determined at trial; and

(e) Award Prejean the attorney fees and costs of this action.

## JURY TRIAL DEMAND

63.

Sally Prejean requests a jury trial.

WHEREFORE, plaintiff Sally Prejean prays that after due proceedings, there be judgment in favor of Sally Prejean and against the City of Westwego, and for all general and equitable relief.

    Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC**

<u>*s/Kevin R. Mason-Smith*</u>
Kevin R. Mason-Smith (LA Bar No. 31394)
Julie Richard-Spencer (LA Bar No. 20340)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
Email: jrichard@ruspclaw.com
    kmason@ruspclaw.com

**PLEASE SERVE**:

The City of Westwego
Through its chief executive
Joe Peoples
1100 4th Street,
Westwego, LA 70094